UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

KAWAN PAYNE,

Defendant.

Case No. 1:26-cr-30

Hon. Hala Y. Jarbou

______________________________/

**OPINION**

Defendant Kawan Payne has been charged with being a felon in possession of firearms and ammunition. He now moves to suppress evidence obtained by police officers after a search of his home pursuant to a warrant. During the search, officers found loose ammunition, two handguns, and several cell phones, including one phone that had sent a threatening message. Payne asks the Court to suppress this evidence. He argues that the affidavit submitted to obtain the warrant failed to establish probable cause and that no officer could reasonably rely on it to conduct a valid search. For the reasons herein, the Court will deny Payne's motion.

**I. BACKGROUND**

According to a search warrant affidavit signed by Officer Michael Edens, Trez Smith attempted to serve Payne with a personal protection order ("PPO") on behalf of his friend Randi Haack on December 6, 2025. (Warrant Aff. ¶ 2, ECF No. 25-1.) Smith knocked on Payne's door and Payne answered, holding what Smith described as a black pistol in his right hand. (*Id.*) According to Smith, Payne pointed the pistol at Smith. (*Id.*) Smith informed police of the encounter, who then checked Payne's criminal history and discovered that he had prior convictions for armed robbery and criminal sexual assault. (*Id.* ¶ 3.)

That same day, Officer Edens contacted Payne at the front door of his home. (*Id.* ¶ 4.) Edens and another officer told Payne that he was under arrest for a weapons violation. Payne resisted arrest, struggling with the officers at his front door before fleeing into the residence and then out a side door into a nearby street, where he was arrested. (*Id.*)

Edens also interviewed Haack, who revealed that shortly after Smith served Payne with the PPO, Haack received text messages from an unknown number; those messages contained a threat to kill someone close to her. (*Id.* ¶ 6.) She believed the number belonged to Payne. (*Id.*)

Edens requested a warrant to search Payne's home and seize any firearms and ammunition, as well as any cell phones owned or accessible to Payne. (*Id.*, PageID.82.) Eden asserted that, based on his experience and training, "cellular devices retain location information, Wi-Fi connections, search history and other data useful to determine ownership and location of the cellular device." (*Id.* ¶ 9.) Also, "mobile communication devices and social media accounts are often used to plan, commit, and conceal criminal activity and evidence." (*Id.* ¶ 8.)

## II. LAW

"As a general matter, the exclusionary rule requires the suppression of evidence obtained in violation of the Fourth Amendment." *United States v. Gray*, No. 25-3672, 2026 WL 2021018, at *4 (6th Cir. July 13, 2026) (citing *Murray v. United States*, 487 U.S. 533, 536–37 (1988)). The Fourth Amendment provides that "no warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. amend. IV. "To satisfy the Fourth Amendment's warrant requirement, a magistrate issuing a warrant must be satisfied that probable cause exists for a search." *United States v. Ray*, 803 F.3d 233, 275 (6th Cir. 2015). Probable cause requires a "fair probability that evidence of a crime will be located on the premises of the proposed search." *United States v. Crumpton*, 824 F.3d 593, 615 (6th Cir. 2016).

A "district court must employ 'great deference' when considering the issuing judge's probable cause determination." *United States v. Sanders*, 106 F.4th 455, 461 (6th Cir. 2024) (quoting *United States v. Christian*, 925 F.3d 305, 311–12 (6th Cir. 2019)). "[I]t is of no moment whether the district court would have likewise issued the same warrant. In the end, what matters is whether the issuing judge had a 'substantial basis for concluding that a search would uncover evidence of wrongdoing.'" *Id.* (quoting *Illinois v. Gates*, 462 U.S. 213, 236 (1983)).

The Court looks only at the evidence presented to the magistrate when determining whether it establishes probable cause; here, that means the Court looks at the "four corners" of the affidavit.[1] *United States v. Jackson*, 306 F.3d 299, 306 (6th Cir. 2006).

## III. ANALYSIS

Payne first argues that the warrant affidavit did not establish probable cause because it relied primarily on Smith's assertion that Payne was holding a firearm while standing at his door. Payne asserts that Smith had a motive to fabricate evidence because he was a friend of Haack, the woman who obtained a PPO against Payne. Payne argues that Smith's "uncorroborated" accusation was insufficient because "[a] bare accusation by a single individual, without meaningful corroboration, does not automatically establish probable cause," citing *Gardenhire v. Schubert*, 205 F.3d 303, 317 (6th Cir. 2000). (Mot. to Suppress 4, ECF No. 23.)[2]

Payne's reliance on *Gardenhire* is misplaced. In that case, an individual reported that items missing from her store—a banjo, a fiddle, a dish, a guitar, a television, and a VCR—had been

[1] There is police bodycam video of the attempted arrest at Payne's home, but it is not clear whether Edens presented that video to the magistrate, so the Court will not consider that video. Instead, the Court will determine whether the affidavit alone sufficed to provide probable cause for the search.

[2] Payne's brief misquotes *Gardenhire*. According to Payne, that court stated that "an allegation by one individual that another person committed a crime without further corroboration is insufficient to establish probable cause." (*See* Mot. to Suppress 4.) But that quotation is not found in the case. Counsel is admonished not to violate its duty of candor by making inaccurate representations to the Court.

stolen after she saw those items in the front window of the store immediately adjacent to hers. Based on that report, the police arrested the owner of the adjacent store. The Sixth Circuit held that this arrest was invalid because "[a]n allegation by one individual that items in another's possession actually belong to her is not enough to create probable cause that a crime has been committed." *Gardenhire*, 205 F.3d at 317. Payne relies on this holding to argue that an uncorroborated statement by a single witness is insufficient to establish probable cause, but his argument misconstrues *Gardenhire*. A lack of corroboration for the witness statement was not the issue in *Gardenhire*. Instead, the problem was that the witness's statement did not give sufficient reason to believe that a crime had been committed, particularly when considering evidence of a likely innocent explanation for the location of the goods, such as the fact that the items were in the front window of the adjacent store, which would be an odd place to put stolen goods. *Id.*

To the extent Payne argues that police needed to corroborate Smith's statement, he is mistaken. A statement from a witness named in an affidavit generally does not require "further corroboration because the legal consequences of lying to law enforcement officials tend to ensure reliability." *United States v. Hodge*, 714 F.3d 380, 385 (6th Cir. 2013). "'When a witness has seen evidence in a specific location in the immediate past, and is willing to be named in the affidavit,' probable cause is generally established." *Id.* (quoting *United States v. Pelham*, 801 F.2d 875, 878 (6th Cir. 1986)). An officer can rely on such a witness statement "unless . . . there is an apparent reason for the officer to believe that the eyewitness was lying, did not accurately describe what he had seen, or was in some fashion mistaken regarding his recollection of the confrontation." *United States v. Harness*, 453 F.3d 752, 754 (6th Cir. 2006) (quoting *Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999)). That Smith may have had a motive to fabricate a statement about Payne simply because Smith was a friend of Haack does not constitute an "apparent reason" to believe

that Smith was, in fact, lying. It is simply speculation. Payne points to no authority suggesting otherwise.

Similarly, Smith and Haack's status as apparent victims of offenses perpetrated by Payne (i.e., an assault toward Smith and threatening messages toward Haack) does not undermine their reliability as witnesses in support of facts that establish probable cause. *See United States v. Shaw*, 464 F.3d 615, 623 (6th Cir. 2006) ("An eye witness's statement that he or she saw a crime committed or was the victim of a crime is generally sufficient to establish probable cause.").

In short, Smith's detailed eyewitness statement that Payne was standing in the door of his home with a black firearm pointed at Smith, coupled with the assertion that Payne was a felon barred from possessing firearms, were sufficient to establish probable cause that there would be evidence of illegal firearm possession in the home. *See Gates*, 462 U.S. at 234 (giving "greater weight" to an "explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed first-hand"). In other words, because Smith saw Payne in possession of a firearm at Payne's house, there was a fair probability that a search of the home would uncover that firearm. Accordingly, the warrant affidavit established probable cause for the search.

Payne further argues that the details about Payne's resistance to an arrest and his subsequent flight from his home did not supply probable cause to search the home because the police illegally entered his home to effectuate a warrantless arrest. Payne contends that, due to the illegality of that entry, any evidence obtained as a result of the entry should be suppressed because it is fruit from a poisonous tree. This argument is meritless because, even without the details surrounding Payne's encounter with the police, the warrant provided enough details to supply probable cause to search his home. The Court can disregard the details in the affidavit about the

arrest because those details are "not a vital component of the probable cause equation." *Sanders*, 106 F.4th at 464.

Alternatively, even if the Court were to conclude that the affidavit lacked sufficient indicia of probable cause, the Court would deny the motion to suppress because the officers acted in "good faith," i.e., their reliance on the warrant was "objectively reasonable." *See United States v. Leon*, 468 U.S. 897, 909, 922 (1984). Payne argues that the good-faith rule does not apply here because the affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Sanders*, 106 F.4th at 468 (quoting *Leon*, 468 U.S. at 923). Generally, police officers cannot reasonably rely on "bare bones" affidavits "that are either 'completely devoid of any nexus between' the illegal activity and the place to be searched or the item to be seized, or 'merely state[ ] suspicions, or conclusions, without providing some underlying factual circumstances regarding veracity, reliability, and basis of knowledge.'" *Id.* (first quoting *United States v. Carpenter*, 360 F.3d 591, 595–96 (6th Cir. 2004), then quoting *Christian*, 925 F.3d at 312). "Put another way, bare bones affidavits nakedly assume or vaguely conclude, without attempting to demonstrate why, probable cause has been satisfied." *Id.* But "where an affidavit presents a 'modicum of evidence, however slight,' showing '*some* connection, regardless of how remote it may have been' between the 'criminal activity at issue and location of the search, there exists a 'minimally sufficient nexus' necessitating application of the good faith rule." *Id.* at 469 (first quoting *United States v. White*, 874 F.3d 490, 497 (6th Cir. 2017), then quoting *Carpenter*, 360 F.3d at 596).

Contrary to Payne's argument, the affidavit here is not a bare bones affidavit. It provides more than a modicum of evidence to show a connection between the criminal activity and the location of the search. Accordingly, suppression is not warranted.

## IV. CONCLUSION

For the reasons herein, the Court will deny Payne's motion to suppress the evidence recovered from his residence pursuant to a search warrant. The warrant affidavit established probable cause for the search warrant to issue, and even if that was not the case, suppression is not warranted because the officers' reliance upon the search warrant was objectively reasonable.

An order will enter consistent with this Opinion.

Dated: August 21, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE